JjBAGNERIS, Judge.
Defendants appeal from the confirmation of a default judgment in favor of plaintiff in the amount of $54,756.16, a sum due on á promissory note as executed by defendants.
On June 17, 1985, defendants executed a promissory note payable to “Home Savings & Loan Association” in the amount of $56,-346.85, plus interest, that was payable in monthly installments commencing on July 1, 1985 and continuing for thirty years.[1] Defendants secured the note by granting a mortgage to Home Savings & Loan on property located at 2827-2829 Maurepas Street.
On October 19, 1995, the servicing agent for National Housing Exchange, the holder of the loan at the time, through its attorney, contacted defendants and informed them that their mortgage was in default and the amount due on the note was $47,-656.67. The record indicates that neither party took further action until March 6, 1998, when plaintiff filed a petition for Suit on Enforcement of a Note and Enforcement of Mortgage on Real Estate. Such petition alleged that plaintiff was the owner and holder of the note and that the note was in default. On April 27, 1998, defendants filed a formal Extension of Time within which to answer. The ptrial court judge signed the extension, but defendants failed to file an answer. On June 15, 1998 plaintiff filed a motion and order for default. A preliminary default was entered on that day and the judgment was confirmed on August 10, 1998.[2] On October *1290 19, 1998 plaintiff filed a writ of fieri facias. Defendants appeal the August 10, 1998 judgment and assign the following errors:
I. The trial court erred in confirming the default judgment because the promissory note at issue was not attached to the attorney’s certification and affidavit in accordance with LSA-C.C.P. art. 1702.1 and therefore no connexity was established between the affidavit and note.
II. The trial court erred in confirming the default judgment because the promissory note is allegedly lost and NHL did not follow the requisite statutory requirements pursuant to LSA-R.S.13:3741 concerning lost notes.
III. The trial court erred in confirming the default judgment because the affidavit submitted with the judgment was not based on the personal knowledge of the affiant and contained an improper foundation for the admissibility of the testimony therein.
IV. The trial court erred in confirming the default judgment because the affidavit submitted with the judgment contained no testimony as to how NHL Trust is in any way connected to the promissory note executed by Martha Rosen Sands and Jack M. Sands.

DISCUSSION

We dispose of defendants’ first two assignment of errors as a true copy of the note is attached to the attorney’s certificate and verification and filed in the record. As noted by the district court on the face of plaintiffs petition, the original note, allonges and authentic act of notice and acceleration are filed in the vault of the district court; thus, there is no issue of the note being misplaced or lost.
In their following two assignments defendants complain that the plaintiff failed to establish the connexity between NHL and the note. In these assignments, | ¡¡defendants do not assert that plaintiff has failed to comply with La.C.C.P. arts. 1702 and 1702.1, but instead,defendants attack the credibility of the affidavit as attested by Karen Carter, the vice-president of NHL’s servicing agent, claiming that such affidavit was not based on Carter’s personal knowledge and that an improper foundation was laid for its admission.
A party seeking to confirm a default judgment must present proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. If the confirmation being sought is without a hearing in open court, as in the instant case, the party is required to attach certification that the suit is on a promissory note, in addition to the note and affidavit to the motion for default. La. C.C.P. art. 1702.1. The certification shall indicate the type of service made and the date of service, in addition to the date that the preliminary default was entered. Id. It shall also include a certification by the clerk that the record was examined by the clerk, including the date of examination and that no answer or opposition had been filed. Id.
The pertinent documents before the trial court were as follows: l)Plaintiff s Petition for Suit on a Note and Enforcement of Mortgage on Real Estate verified by plaintiffs attorney, with exhibits attached; 2) a true copy of the note and mortgage; 3) two allonges; 4)plaintiffs motion for default; 5) an attorney’s certificate; 6) a sworn affidavit attested to by Karen Carter, vice-president of NHL’s servicing agent.
The trial court reviewed these documents and entered judgment in favor of plaintiff. In reviewing this finding, we are mindful that we are limited to a determination of manifest error. Ferrell v. Fireman’s Fund Ins. Co., 94-1252 (La.2/20/95), 650 So.2d 742, 745; Stobart *1291 v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Plaintiffs petition alleges that it is the holder and owner .of a note in the amount of $56,346.85 executed by defendants and made payable to Home Savings & Loan Association. In paragraph II of the petition plaintiff cites the history of the note from its inception to its current holder. According to this history, plaintiff became the sixth holder of the note. Plaintiffs attorney verified the petition stating that she had received the foreclosure data sheet, in addition to other documentation, on which the foreclosure was filed. Attached to the verification, as an exhibit, is a true copy of the note executed by defendants and made payable to Home Savings & Loan Association. Also attached as an exhibit, is an allonge that transfers the note at issue to plaintiff.
Plaintiffs motion for default states that service of citation and petition was made on defendants, but defendants failed to file a response. Attached to this motion is an attorney’s certification stating that the suit is on a promissory note. Also stated on the certification is the information that the note is attached, as filed with the petition, and affidavits of the correctness of the account are attached. The certification indicates that service was made personally and domiciliary on defendants on April 17, 1998. The deputy clerk of court attached her certificate attesting that no answer or other opposition had been filed.
The affidavit, sworn to by Karen Carter, states that she has “personal knowledge of the facts stated herein and is competent to testify therein that NHL is the last holder of the note and owner of value.... ”
| .^Defendants complain that Carter’s personal knowledge was not properly established. Defendants further complain that plaintiff failed to establish the connexity between the note and plaintiff. Defendants arguments are meritless. Regardless of the credibility of Carter’s affidavit, it is clear from the record that plaintiff is the holder of the note as it was presented in true form to the district court. The al-longe attached to the note indicates that on January 22,1997 plaintiff became owner and holder of the note after a transfer from National Heritage and Life Insurance. Such proof meets, if not exceeds, a prima facie case that NHL is the holder of the note. Under the law, the holder of the note is entitled to enforce the note. La. R.S. 10:3-301, FGB Realty Advisors, Inc. v. Riedlinger, 95-2276 (La.App. 4 Cir. 4/3/96), 671 So.2d 560, 564, writ denied, 96-1299 (La.7/1/96), 676 So.2d 101.
As discussed above there is no evidence that plaintiff failed to comport with the requirements of La. C.C.P. arts. 1702 and 1702.1; therefore, in light of these requirements we find no error in the trial court’s judgment. Accordingly, the judgment is affirmed.

AFFIRMED.

. NHL allegedly became the holder of the note subsequent to several transfers of the note to various institutions after Home Savings & Loan was placed in receivership.

. After the final judgment, on August 14, 1998 defendant filed an exception and answer. As this answer was not submitted to the trial court, we are barred from considering it in *1290 our decision. Uniform Rules - Court of Appeal, Rule 1-3.